1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   AURORA DE VERA,                          No.  2:19-cv-189-EFB

11                  Plaintiff,

12         v.                                 ORDER

13   ANDREW SAUL, Commissioner of Social
     Security
14
                    Defendant.
15

16

17         Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18   ("Commissioner") denying her application for a period of disability and Disability Insurance

19   Benefits ("DIB") under Title II of the Social Security Act.  The parties have filed cross-motions

20   for summary judgment.  ECF Nos. 11 & 12.  For the reasons discussed below, plaintiff's motion

21   for summary judgment is granted, the Commissioner's motion is denied, and the matter is

22   remanded for further proceedings.

23   I.    Background

24         Plaintiff filed an application for a period of disability and DIB, alleging that she had been

25   disabled since May 16, 2013.  Administrative Record ("AR") at 177-78.  Her application was

26   denied initially and upon reconsideration.  *Id.* at 105-09, 113-18.  A hearing was subsequently

27   held before administrative law judge ("ALJ") Sheila Walters.  *Id*. at 42-75.  Plaintiff was

28   represented by counsel at the hearing, at which plaintiff and a vocational expert testified.  *Id.*

                                              1

On January 10, 2018, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1]  *Id*. at 15-36.  The ALJ made the following specific findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2.  The claimant has not engaged in substantial gainful activity since May 16, 2013, the alleged onset date (20 CFR 404.1571 *et seq*.).

     * * *

3.  The claimant has the following severe impairments: carpal tunnel syndrome; degenerative joint disease of the first metacarpal phalangeal and interphalangeal joints; left cubital

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

tunnel syndrome; degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; degenerative joint disease of the left knee; left shoulder rotator cuff tear (20 CFR 404.1520(c)).

* * *

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

* * *

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she is able to lift and carry ten pounds frequently and twenty pounds occasionally; she is able to sit for at least six hours of an eight hour workday; she is able to stand and/or walk at least six hours of an eight hour workday; she requires the use of a cane for walking over uneven terrain.  The claimant is limited to frequent performance of fine and gross manipulation; occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, crawling; and occasional overhead reaching.  She should avoid even moderate exposure to extreme cold and wetness; and she is precluded from climbing ladders, ropes, and scaffolds, and from working around unprotected heights and hazardous machinery.

* * *

6.  The claimant is capable of performing past relevant work as an Eligibility Worker (DOT 195.267-010), sedentary, specific vocational profile (SVP) level 6.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

* * *

7.  The claimant has not been under a disability, as defined in the Social Security Act, from May 16, 2013, through the date of this decision (20 CFR 404.1520(f)).

*Id.* at 17-36.

Plaintiff's request for Appeals Council review was denied on September 11, 2018, leaving the ALJ's decision as the final decision of the Commissioner.  *Id.* at 1-6.

II.   Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

*Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.   Analysis

Plaintiff's motion advances three arguments. First, plaintiff argues that the ALJ erred in assessing her severe impairment's at step-two of the sequential evaluation. Second, she argues that the ALJ erred in discounting her subjective complaints. Third, she contends the ALJ failed to properly weight the medical opinion evidence of record.[2]  As discussed below, because plaintiff's testimony was not properly evaluated, the matter must be remanded.

A.   Relevant Legal Standards

In evaluating a plaintiff's testimony regarding subjective pain or symptoms, an ALJ must follow a two-step analysis. First, the ALJ must determine whether the plaintiff has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). At the first step, "the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show

---

[2]  Plaintiff's arguments are not addressed in the order presented in her motion, but have been reorganized to align with the sequential evaluation.

4

1    that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d

2    586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  "If the

3    claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the

4    claimant's testimony about the severity of the symptoms if she gives specific, clear and

5    convincing reasons for the rejection." *Id*.  "[F]or the ALJ to reject the claimant's complaints, the

6    ALJ must provide specific, cogent reasons for the disbelief." *Berry v. Astrue*, 622 F.3d 1228,

7    1234 (9th Cir. 2010) (internal quotations and quotation marks omitted); *see Diedrich v. Berryhill*,

8    874 F.3d 634, 641 (9th Cir. 2017) (once a plaintiff submits medical evidence of an impairment

9    that could reasonably be expected to produce the alleged symptoms, "the ALJ must give specific,

10   clear and convincing reasons in order to reject the claimant's testimony about the severity of the

11   symptoms.").

12        B.    Discussion

13        Plaintiff testified that she stopped working due to pain in her hands, shoulders, neck, head,

14   and arms.  AR 55.  She explained that her left rotator cuff is torn, which causes pain in her

15   shoulder that radiates to her neck.  *Id*. at 56.  Plaintiff also reported lower back pain and that she

16   anticipated having back surgery, which had not yet been scheduled.  *Id*. at 57-58.  Plaintiff also

17   stated that she has sciatica and plantar fasciitis, with the latter being diagnosed only recently.  *Id*.

18   at 58.  She also reported having difficulty using her hands due to carpel tunnel syndrome.  *Id*. at

19   60-61.  Plaintiff further testified that, due to her impairments, she can only walk and stand for 10

20   to 15 minutes at one time and two and three hours total in a day; sit for 15 to 20 minutes at one

21   time and up to three total hours in a day; and lift between 5 and 10 pounds.  *Id*. at 59-60.

22        The sole reason provided by the ALJ for rejecting plaintiff's subjective complaints was

23   that "they are inconsistent because the [plaintiff] has been observed as having mostly normal

24   findings on consultative examination with Dr. Van Kirk."[3]  AR 22.  This reason alone, even if

25   supported by substantial evidence, cannot support the ALJ's adverse credibility determination.

26   *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) ("[A]n ALJ may not reject a claimant's

27   _____

28        [3] Dr. Kirk is an examining physician who evaluated plaintiff on a single occasion.  AR
     492-95.

1    subjective complaints based solely on a lack of objective medical evidence to fully corroborate

2    the alleged severity of pain."); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (The

3    ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because

4    the degree of pain alleged by the claimant is not supported by objective medical evidence.").

5        Apparently aware of the decision's deficiencies, the Commissioner argues that the ALJ

6    did not simply conclude that plaintiff's allegations were unsupported by the medical evidence.

7    Instead, the Commissioner argues, the ALJ concluded the medical evidence affirmatively

8    contradicts plaintiff's claims.  ECF No. 12 at 5 n.4.  The record negates this argument.  After

9    noting that Dr. Van Kirk found plaintiff's motor strength and range of motion to be essentially

10   normal, the ALJ specifically stated that "[t]hese limited abnormal findings do not support the

11   extreme sitting, standing, walking, and limitations alleged by the claimant."  AR 22.  Thus, the

12   ALJ specifically rejected plaintiff's testimony based on a conclusion that the degree of pain and

13   functional limitations described by plaintiff was inconsistent with Dr. Van Kirk's objective

14   findings.

15       In the same vein, the Commissioner contends that the ALJ properly concluded that

16   plaintiff's testimony was undermined by the medical opinion evidence, including the opinion of

17   Dr. Van Kirk.  ECF No. 12 at 5-6.  Again, the ALJ may not reject a plaintiff's testimony merely

18   because it is unsupported by the medical evidence, including medical opinion evidence.  *Moisa*,

19   367 F.3d at 885.  To hold otherwise would allow an ALJ to disregard a claimant's subjective

20   complaints anytime the record contains conflicting medical opinions, which often occurs in social

21   security cases.  Furthermore, the argument is not persuasive since the ALJ did not specifically

22   find that plaintiff was not credible because her testimony conflicted with medical opinion

23   evidence.[4]  *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the

24   

_____

25       [4]  Notwithstanding this conclusion, it can be reasonably inferred from the ALJ's decision
     that Dr. Van Kirk's evaluation influenced the adverse credibility determination.  Indeed, the ALJ
26   cites to Dr. Van Kirk's one-time evaluation not only to support each assessed limitation in the
     RFC, but also to reject nearly all contrary evidence, including plaintiff's testimony and
27   conflicting medical opinions.  The extraordinary weight given to Dr. Van Kirk's evaluation calls
     into question whether appropriate consideration was given to all evidence in the record.  20
28   C.F.R. § 404.1545(a)(1) (RFC must be "based on all the relevant evidence in [claimant's] case

1   reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a

2   ground upon which he did not rely.").

3       The Commissioner further argues that the ALJ properly concluded plaintiff was not

4   credible because she provided inconsistent statements concerning her allegedly disabling

5   symptoms.  According to the Commissioner, plaintiff alleged she was disabled due to her left

6   knee impairment, but her treatment records show she regularly denied symptoms related to her

7   knee.  ECF No. 12 at 5.  The argument fails for two reasons.  First, the ALJ did not conclude that

8   plaintiff was not credible due to an inconsistency between plaintiff's testimony and her denial of

9   issues with her knee.  After noting plaintiff's diagnosis of degenerative joint disease of the left

10  knee, the ALJ observed that, with the exception of a few isolated instances, plaintiff regularly

11  denied symptoms related to her knee.  AR 26.  He did not find that plaintiff was not credible

12  because she denied issues with her knee on several occasions.  Accordingly, the purported

13  inconsistency cannot provide a basis for upholding the ALJ's decision.  *See Garrison*, 759 F.3d at

14  1010.

15      Secondly, the Commissioner's argument is predicated on the faulty premise that plaintiff

16  based her claim of disability on a knee impairment.  Although a few medical records document

17  complaints of knee pain, plaintiff's application did not allege disability due to degenerative joint

18  disease of the left knee.  AR 73, 95, 209.  More significantly, she did not testify she is

19  functionally limited due to her knees.  *See id*. at 55-58 (testifying an inability to work due to pain

20  in her hands, shoulders, arms, and head; sciatica; plantar fasciitis; and lumbar spine issues.).

21  Thus, her credibility cannot be undermined by an argument that she made a contradictory

22  statement over something she never asserted in the first place.

23      Accordingly, the ALJ failed to provide clear and convincing reasons for rejecting

24  plaintiff's subjective statements.  The matter will therefore be remanded for further consideration.

25  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the

26  decision of the Commissioner of Social Security, with or without remanding the case for a

27  _____

28  record.")

rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV.    Conclusion

Based on the foregoing, it is hereby ORDERED that:

1.  Plaintiff's motion for summary judgment is granted;

2.  The Commissioner's cross-motion for summary judgment is denied;

3.  The matter is remanded for further proceedings consistent with this order; and

4.  The Clerk of Court is directed to enter judgment in plaintiff's favor and close the case.

DATED:  May 29, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE